# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARKE GRANDE,

 *Plaintiff,*

vs.

HOWARD SKOLNIK, *et al.,*

 *Defendant*s.

2:10-cv-01533-PMP-LRL

ORDER

  This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court on Plaintiff's application (#1) to proceed *in forma pauperis* and for initial review under 28 U.S.C. § 1915A. The Court finds that Plaintiff is unable to pay a significant initial partial filing fee toward the full filing pursuant to 28 U.S.C. § 1915(b)(1). The application to proceed *in forma pauperis* therefore will be granted, and the Court thus proceeds to initial review.[1]

  When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial

---

[1] A portion of the application was filed instead with the complaint. See #1-1, at 16-18.

review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint, Plaintiff Mark Grande seeks to recover monetary damages from a number of correctional officials and officers, in their individual and official capacities. He alleges that he was deprived of his property without due process due to the allegedly unauthorized loss or destruction of his personal property after he failed to timely report back to the facility and was picked up by the police. He alleges that he was returned to the facility within 27 days but his property had been destroyed or donated to charity prior to the 30-day period provided for under administrative regulations prior to property destruction.

The complaint fails to state a claim under the Fourteenth Amendment for a denial of due process, due to the availability of an adequate state post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); N.R.S. 73.010; N.R.S. 41.031; N.R.S. 209.243. The complaint therefore will be dismissed for failure to state a claim upon which relief may be granted. A grant of leave to amend would be futile.[2]

---

[2] The complaint is subject to additional deficiencies. Plaintiff may not proceed against the defendants in their official capacity for monetary damages. The complaint further fails to state a basis for recovery against the supervisory officials, as there is no *respondeat superior* liability under § 1983. Plaintiff also named defendants in the caption that were not listed in the body of the complaint. Even without regard to these additional deficiencies, the entire complaint fails to state a claim upon which relief may be granted.

IT THEREFORE IS ORDERED that the application (#1) to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay an initial partial filing fee. However, even if the action is dismissed, Plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. **The Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702**.

IT FURTHER IS ORDERED that the Clerk of the Court shall file the Complaint and that this action shall be DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk of the Court shall enter final judgment accordingly in favor of Defendants and against Plaintiff, dismissing this action without prejudice for failure to state a claim.

DATED: December 13, 2010.

_____
PHILIP M. PRO
United States District Judge